UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY S. COLE, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| vs. | ) |
| | ) 1:20-cv-3301-TWP-MG |
| THE INTERNATIONAL SCHOOL OF INDIANA, INC. | ) |
| | ) |
| | ) |
| *Defendant*. | ) |

# ORDER

Plaintiff Gary Cole filed this employment action against Defendant the International School of Indiana, Inc. (the "School"). The School has filed a Motion to Stay Discovery, [Filing No. 17], seeking to stay all discovery pending a ruling on the School's pending Motion to Dismiss, [Filing No. 11]. The Motion to Stay Discovery is now ripe for the Court's decision.

## I.
### BACKGROUND

Mr. Cole is an African American who previously worked at the School as the facilities maintenance supervisor. [Filing No. 1 at 3.] Mr. Cole alleges that the School discriminated against him and other African-American staff members. [Filing No. 1 at 4-6.] On or about August 22, 2019, Mr. Cole filed a charge with the EEOC. [Filing No. 1 at 6.] Mr. Cole alleges that on August 28, 2019, School officials met with him and told him that he was being terminated and that "if he did not drop the EEOC charge then he would not be able to use the [S]chool as a reference," but if he withdrew his EEOC charge, he "would be able to resign and get a letter of reference." [Filing No. 1 at 6.] Mr. Cole refused to drop the EEOC charge and was terminated that day. [Filing No.

1 at 6.] On or about September 28, 2020, the EEOC issued Mr. Cole a right-to-sue letter. [Filing No. 1 at 7.]

Mr. Cole filed this action against the School in December 2020, alleging that the School unlawfully discriminated and retaliated against him because of his race, in violation of Title VII of the Civil Rights Act of 1964. [Filing No. 1 at 7.] The School has filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). [Filing No. 11.] The School then filed a Motion to Stay Discovery, asking the Court to stay discovery until the Court rules on its Motion to Dismiss. [Filing No. 17.]

## II.
### LEGAL STANDARD

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). The party seeking a stay of discovery "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *United States ex rel. Robinson v. Indiana Univ. Health, Inc.*, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015). In order to satisfy this burden, the "movant must show that good cause exists for the stay" of discovery. *Id.* The Court evaluates three factors to determine if good cause exists: "[1] the prejudice or tactical disadvantage to the non-moving party; [2] whether or not the issues will be simplified ...; and [3] whether or not a stay will reduce the burden of litigation on a party." *Johnson v. Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015).

"Filing a motion to dismiss does not automatically stay discovery." *Red Barn Motors, Inc. v. Cox Enters., Inc.*, 2016 WL 1731328, at *2 (S.D. Ind. May 2, 2016). As a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Id.* at *3. And, "courts disfavor stays of discovery because they bring resolution of the dispute to a standstill." *Am. Senior Communities, LLC v. Burkhart*, 2019 WL 415614, at *2-3 (S.D. Ind. Feb. 1, 2019) (alternation and internal

quotation marks omitted) (denying stay and noting that under Fed. R. Civ. P. 1, the Court has the duty to "secure the just, speedy, and inexpensive determination of every action and proceeding").

### III.
### DISCUSSION

The School's Motion to Dismiss cites two grounds for dismissing the Complaint. First, the School contends that Mr. Cole did not exhaust his administrative remedies before the EEOC because the EEOC charge concerned only events occurring between November 2018 and March 2019, and his termination and other complained-of conduct occurred after that time period. [Filing No. 18 at 3-4]. Second, the School contends that Mr. Cole has not adequately pled facts to support discrimination and retaliation claims. [Filing No. 18 at 4]. The School contends that a stay is warranted while the Court considers its Motion to Dismiss because the School would otherwise "be unduly and unjustifiably burdened by having to engage in discovery on claims that would not survive the pleading stage of this lawsuit." [Filing No. 18 at 5.] The School further argues that Mr. Cole will not be prejudiced by a stay of discovery and contends that "there is no threat that the information available today will be unavailable after the Court's ruling on the Motion to Dismiss." [Filing No. 18 at 6.]

Mr. Cole responds that discovery should not be stayed because this is not a complex case involving extensive discovery and cites case law for the proposition that the filing of a motion to dismiss generally does not warrant a stay. [Filing No. 21 at 2-3.] Mr. Cole also notes that the Court has entered a Case Management Plan Order, [Filing No. 19], that sets certain deadlines that may be compromised by staying discovery. [Filing No. 21 at 3-4.]

The School did not file a reply.

The Court finds that the School has not met its burden to establish that good cause exists for a blanket stay of all discovery. *See Robinson*, 2015 WL 3961221, at *1. As to the first factor,

Mr. Cole would be prejudiced by a discovery delay, which would ultimately delay the entire case if the School's Motion to Dismiss is denied and would be contrary to the interests of justice. *See Johnson*, 150 F. Supp. 3d at 1007. As to the second factor, the Motion to Dismiss will undoubtedly simplify the issues if it is granted in whole because the case would be dismissed; however, a dismissal as to only one of Mr. Cole's claims of discrimination or retaliation would not streamline the case because the discovery for the two claims would likely be very similar. *See id.* Finally, as to the third factor, while a blanket stay of discovery would undoubtedly reduce the burden to the School, the Court's review of the case suggests that discovery will not be overly complex or extremely costly and burdensome. *See id.* This case is a straightforward Title VII employment case.

Furthermore, the School has not made a showing, with affidavits or other supporting evidence, that specific discovery requests would impose a substantial burden on the School. Indeed, the briefing suggests that Mr. Cole has not yet served any discovery requests. [*See* Filing No. 18 at 6 ("Mr. Cole has not yet served any official discovery requests….").] The parties are to exercise good judgment when preparing and responding to discovery to avoid unnecessary burdens given the current posture of the case and focus on the merits of the claims and defenses. If Mr. Cole serves a discovery request that the School reasonably believes is inappropriate under Fed. R. Civ. P. 26(b)(2), and if the parties are truly unable to resolve their differences, then the School can file a discovery motion specifically directed to that request. On the current record, the Court finds insufficient grounds to stay all discovery simply because a motion to dismiss is pending.

For all these reasons, the Court finds that the School has not shown that this is a case in which the Court should exercise its discretion and stay discovery.

## IV.
### CONCLUSION

Based on the foregoing, the School's Motion to Stay Discovery, [17], is **DENIED**.

Dated: 4/9/2021

_____
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record**